UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | No. 23-cr-29 (KMM/DTS) |
| Plaintiff | |
| v. | **ORDER** |
| Solomon Eghosa Wilfred, | |
| Defendant. | |

Solomon Eghosa Wilfred pled guilty to one count of aiding and abetting mail fraud on June 15, 2023. On November 16, 2023, he was sentenced to 36 months in prison. He now challenges that sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the Court denies his motion.

**I.    Background**

The Court does not restate the procedural history in detail here, but a brief summary is useful. Mr. Wilfred pled guilty to one count of aiding and abetting mail fraud in violation of 18 U.S.C. § 1341, admitting his part in an extensive romance-fraud scheme. He admitted that he was a knowing part of the scheme, which primarily targeted elderly victims. The operation used email, text messages, and the mail to extract money from the victims, who were falsely led to believe they were helping a romantic partner with a cash-flow problem. Mr. Wilfred admitted to assisting with the collection and transfer of fraudulently obtained funds: he opened post office boxes, received funds from victims, sent packages to victims, and passed funds on to other participants in the scheme. He agreed that he received more than 400 packages containing more than $1.2 million dollars.

In his plea agreement [ECF No. 32], Mr. Wilfred and the government agreed to a 14-level enhancement under the guidelines, pursuant to U.S.S.G. § 2B1.1(b)(1)(H), for the amount of loss being between $500,000 and $1,500,000. He also agreed to a four-level increase under U.S.S.G. § 2B1.1(b)(2)(B) because at least five victims suffered substantial financial hardship. The parties then jointly recommended that Mr. Wilfred could receive a two-level reduction because he would qualify as a "zero-point offender" under the then-forthcoming U.S.S.G. § 4C1.1. This resulted in an adjusted offense level of 22, and an advisory guideline range of 41–51 months in prison. Mr. Wilfred reserved the right to seek a mitigating-role reduction.

At sentencing, the Court departed downward to 36 months. The Court adopted the parties' agreed-upon application of the guidelines but declined to apply a formal mitigating-role reduction. Then the Court weighed certain aggravating circumstances, including the "egregious" nature of the fraud scheme, and the emotional and financial pain caused to the victims. The Court also considered several mitigating circumstances, including Mr. Wilfred's somewhat lesser role in the scheme—he was not the leader or the inventor of the scheme—and his substantial ties to and care for his community.

## II.   Analysis

Mr. Wilfred raises five challenges to his sentence, each framed as a challenge to the effectiveness of his attorneys. However, because the arguments substantially overlap or repeat, the Court finds that Mr. Wilfred is essentially raising two challenges:

1) Counsel was ineffective for not arguing that the Court could not consider the amount of loss and number of victims at sentencing because those facts had not been proven to a jury.

2) Counsel should have challenged the Court's application of the statutes under which he was convicted and the guidelines that informed his sentencing.

These arguments suffer from the same infirmity. Under *Strickland v. Washington*, 466 U.S. 668 (1984), to prove ineffective assistance of counsel in violation of the Constitution, a defendant must establish both that the attorney's performance amounted to professional incompetence, and that the resulting critical errors deprived the defendant of a fair trial. But it is settled counsel cannot be considered ineffective for failing to advance arguments that have no merit. *Id.* at 687; *see also Correa-Gutierrez v. United States*, 455 F. App'x 722, 723 (8th Cir. 2012) (per curiam) (citing *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) (holding that "counsel's failure to advance a meritless argument cannot constitute ineffective assistance of counsel")).

### A. Non-Elemental Facts, Guidelines, and the Sixth Amendment

At bottom, Mr. Wilfred alleges that his attorney was ineffective for allowing the Court to base its sentencing decisions on facts admitted to in the plea agreement or found in the PSR, when those facts had not been proven to a jury beyond a reasonable doubt. He bases this argument on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013). But Mr. Wilfred misunderstands this law in two critical ways.

First, both of these decisions stand for the idea that a fact which increases the applicable statutory maximum (*Apprendi*, 530 U.S. at 490) or the mandatory minimum (*Alleyne*, 570 U.S. at 103) must be proven to a jury beyond a reasonable doubt. Neither of these cases stands for the proposition that judges may not engage in judicial factfinding within the statutory range, nor do they render application of the sentencing guidelines to those facts unconstitutional. The Supreme Court said as much in *Alleyne* itself. 570 U.S. at 116. And the Eighth Circuit has expounded upon that reality. "[U]nder *Alleyne*, the Sixth Amendment permits a district court to rely on facts beyond those found by the jury when the court calculates the applicable advisory sentencing guidelines range and selects a sentence within the statutorily-prescribed range." *United States v. Bennett*, 765

3

F.3d 887, 897 (8th Cir. 2014). Second, and perhaps more critically in this case, neither *Apprendi* nor *Alleyne* prevents a judge from imposing a sentence based upon facts the defendant expressly admits in pleading guilty. *See, e.g.*, *United States v. Cullen*, 423 F.3d 903, 905 (8th Cir. 2006) (no Sixth Amendment error in district court's application of a four-level role enhancement where the defendant admitted the facts establishing that enhancement by not objecting to the presentence report's factual allegations); *United States v. Paine*, 407 F.3d 958, 963 (8th Cir. 2005) (explaining that a Sixth Amendment claim "fails if [the defendant] admitted the facts necessary to support the sentence imposed") (citing *United States v. Booker*, 543 U.S. 220, 244 (2005) ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict *must be admitted by the defendant* or proved to a jury beyond a reasonable doubt.")) (emphasis added in *Paine*).

In this case, Mr. Wilfred does not – and cannot – allege that the loss value was based on disputed facts or even judicial factfinding from the uncontested parts of the PSR. Instead, the Court based the loss-value enhancement on Mr. Wilfred's express admission in the plea agreement and at the plea hearing.

Because Mr. Wilfred's understanding of the relevant legal framework is incorrect, his argument based on that theory holds no water. Counsel for Mr. Wilfred cannot be considered ineffective for failing to raise the arguments Mr. Wilfred identifies because those arguments would have been frivolous.

**B. The Basis for Mr. Wilfred's Sentence**

Mr. Wilfred further argues that the Court erred when it sentenced him based on the "non-elemental facts" such as the loss amount and on the guidelines, and his counsel was ineffective for not pointing this out. In large part, this argument merely reframes the above-discussed challenge

4

and fails for the same reasons discussed above. However, Mr. Wilfred also appears to argue that the Court illegally sentenced him in lockstep with the sentencing guidelines, rather than applying the statute of conviction and the "sentencing statute." Once again, this is incorrect.

The sentencing record and the statement of reasons [ECF No. 60] both demonstrate that the Court calculated the advisory guidelines, doing so in complete accordance with the parties' agreement, and then treated them as advisory. First, there can be no dispute that the Court sentenced Mr. Wilfred within the statutory range contemplated by 18 U.S.C. § 1341: zero to twenty years in prison.

Second, the Court applied the "sentencing statute" (18 U.S.C. § 3553(a)), described and explained the considerations required by it, and then explained at length the specific facts and factors considered in arriving at the sentence ultimately imposed. After explaining the mitigating and aggravating factors it considered, the Court sentenced Mr. Wilfred below the number requested by the government (45 months), and below the advisory guidelines range (41–51 months), to a term of 36 months. This process fully complied with both the sentencing statute and with Eighth Circuit authority governing sentencing:

> [T]he sentencing court must first determine the appropriate guidelines sentencing range, . . . then decide if a traditional departure is appropriate[, and] then consider all other factors set forth in § 3553(a) to determine whether to impose the sentence under the guidelines or a non-guidelines sentence.

*United States v. Haack*, 403 F.3d 997, 1002–03 (8th Cir. 2005).

Mr. Wilfred argues that the loss amount should have played no role in the Court's sentencing calculus because loss amount is not an element of the offense of fraud. That argument is also without merit, and his attorney cannot be considered ineffective for declining to raise it. The sentencing statute *requires* the court to consider the "nature and seriousness" of the offense, 18 U.S.C. § 3553(a)(1), and it almost goes without saying that a financial crime involving more

5

stolen money and many victims is generally more serious than one involving less money and fewer victims. And again, all of the critical facts upon which the Court based its sentence were set forth in the plea agreement, and Mr. Wilfred expressly admitted them in open court.

Finally, to the extent Mr. Wilfred is actually arguing that he did not understand what he was admitting at the time of the guilty plea, the record shows that he clearly did. The Court engaged in an extensive colloquy with Mr. Wilfred during the change-of-plea hearing and made sure that he understood the role the guidelines played, the parties' agreements about the guidelines, and the fact that the guidelines are advisory. The plea agreement set forth the same reality. [ECF No. 32, ¶¶ 5, 7, 9] The Court also received a detailed factual basis, which carefully tracked the factual admissions in the plea agreement. And counsel for Mr. Wilfred submitted an affidavit swearing that he explained these matters to Mr. Wilfred in detail prior to the plea. [ECF No. 90-1] There is no support in the record or the law for Mr. Wilfred's contention that the Court imposed his sentence contrary to law or that he did not understand what he was agreeing to.

### C. Evidentiary Hearing and Certificate of Appealability

For the reasons explained above, the Court concludes that Mr. Wilfred's § 2255 motion cannot succeed. Because the record before the Court conclusively demonstrates that Mr. Wilfred is not entitled to relief, no hearing is necessary. *See* Rules Governing § 2255 Proceedings for the United States District Courts, Rule 4(b); 28 U.S.C. § 2255(b); *Noe v. United States*, 601 F.3d 784, 792 (8th Cir. 2010). Moreover, because Mr. Wilfred has not "made a substantial showing of the denial of a constitutional right," the Court will not issue a certificate of appealability. 28 U.S.C. § 2255(c)(2).

### III. Conclusion

Based on the foregoing, **IT IS HEREBY ORDERED THAT**:

1. Solomon Eghosa Wilfred's Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 [ECF No. 79] is **DENIED**.

2. No certificate of appealability will issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: August 21, 2025                         *s/Katherine Menendez*
                                              Katherine Menendez
                                              United States District Court